**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4908**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

ALBERT ESPINOZA, a/k/a Bert,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.    Martin K. Reidinger, District Judge. (2:09-cr-00029-MR-1)

Submitted: October 4, 2011          Decided: December 12, 2011

Before TRAXLER, Chief Judge, and GREGORY and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

L. Aron Pena, Edinburg, Texas, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Espinoza pled guilty to conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2006). In the plea agreement, Espinoza agreed to cooperate by providing truthful testimony and information and waived all rights to contest his conviction and sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. The plea agreement further provided that the Government had the sole discretion to determine whether Espinoza provided substantial assistance warranting a motion for a departure pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5K1.1 (2009). Espinoza also waived all objections and rights to appeal or collaterally attack the Government's determination that he failed to provide substantial information or knowingly provided false information.

Prior to sentencing, the Government filed a motion for a downward departure pursuant to USSG § 5K1.1 based on Espinoza's substantial assistance. However, following Espinoza's testimony at sentencing and based on its determination that he made false statements therein, the Government withdrew the motion and sought a two-level increase for obstruction of justice under USSG § 3C1.1. The plea agreement stated that, regardless of any substantial assistance,

2

"the United States will not move for a reduction in sentence and may seek an increased sentence if the defendant knowingly furnishes materially false information."  The sentencing court denied the increase for obstruction of justice, did not consider the withdrawn USSG § 5K1.1 motion, and sentenced Espinoza within the advisory Guidelines sentencing range to 210 months of imprisonment.

On appeal, Espinoza argues that the Government breached the plea agreement by withdrawing its USSG § 5K1.1 motion and that counsel provided ineffective assistance at sentencing.  In addition, he asserts four claims of sentencing error by the district court.  In response, the Government argues that Espinoza validly waived the right to appeal his conviction and sentence, that it did not breach the plea agreement, and that Espinoza's claim of ineffective assistance of counsel, although excepted from the appellate waiver, is not supported by the record and therefore is not cognizable on direct appeal.  We dismiss.

Espinoza does not challenge the validity of his plea or the waiver of his right to appeal.  Instead, Espinoza contends that the appeal waiver is unenforceable because the Government breached the plea agreement containing the waiver by withdrawing its USSG § 5K1.1 motion and seeking sentencing

enhancements.  United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006).

Our review of the record and the plain language of the plea agreement lead us to conclude that the Government acted within its discretion and did not breach the plea agreement. Wade v. United States, 504 U.S. 181, 184-87 (1992) (in absence of cooperation agreement, Government's decision regarding § 5K1.1 motion is reviewed to determine whether it was based on an unconstitutional motive); United States v. Hartwell, 448 F.3d 707, 718 (4th Cir. 2006).  Because there was no breach, the waiver of appeal is valid and enforceable as to all substantive sentencing issues asserted by Espinoza.  Accordingly, we dismiss that portion of Espinoza's appeal.

Moreover, we find no conclusive evidence of ineffective assistance of counsel and therefore decline to address Espinoza's claim of ineffective assistance of counsel at this time.  See, e.g., United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) ("Ineffective assistance claims are generally not cognizable on direct appeal, however, unless it conclusively appears from the record that defense counsel did not provide effective representation." (internal quotation marks and citation omitted)); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) ("A claim of ineffective assistance of counsel should be raised by a habeas corpus motion under 28

U.S.C. § 2255 in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation." (internal quotation marks and citation omitted)).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>DISMISSED</u>

5